NO. 07-03-0025-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 11, 2003

_____

ANTHONY LEON SUMMERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 128TH DISTRICT COURT OF ORANGE COUNTY;

NO. A-010013-R; HONORABLE PATRICK A. CLARK, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, appellant was convicted by a jury of felony driving while intoxicated and punishment was assessed by the trial court at 12 years confinement.  After appellant perfected this appeal, the clerk's record was filed on January 21, 2003.  However, two extensions of time have been granted for filing the reporter's record because appellant, who is proceeding *pro se*, has not requested in writing that the record be prepared.  *See* Tex. R. App. P. 34.6(b)(1).  Official Court Reporter, Holli Holgan-Landry, has now filed a third motion for extension of time.  Thus, we now abate the appeal and remand the cause to the trial court for

further proceedings. *See* Tex. R. App. P. 37.3(a)(2). The reporter's record will be due 30 days following reinstatement of this appeal.

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.    whether appellant desires to prosecute this appeal; and if so,
2.    whether appellant is indigent and entitled to appointed counsel; and
3.    why appellant has been deprived of a reporter's record.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant does want to continue this appeal, then the trial court shall take such measures as may be necessary to assure appellant a reporter's record. If appellant is indigent, the trial court shall also appoint counsel and provide the name, address, telephone number, and state bar number of said counsel and include the information in an order appointing counsel. The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental records with the Clerk of this Court by Wednesday, June 11, 2003.

It is so ordered.

Per Curiam

Do not publish.

2